1  JoAnna M. Esty, Esq. (SBN: 147903)
      jesty@linerlaw.com
2  Jenna F. Leavitt, Esq. (SBN: 213574)
      jleavitt@linerlaw.com
3  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
4  199 Fremont Street, 20th Floor
   San Francisco, CA 94105-2255
5  Telephone: (415) 489-7700
   Facsimile: (415) 489-7701
6
   Attorneys for Plaintiff
7  MICROMESH TECHNOLOGY CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICROMESH TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN RECREATION PRODUCTS, INC., a Delaware corporation; AMERICAN RECREATION PRODUCTS, INC., d/b/a KELTY, an unknown business entity,<br><br>Defendants. | Case No. C 06-06030 MHP<br><br>**PLAINTIFF MICROMESH TECHNOLOGY CORPORATION'S ANSWER TO DEFENDANT AMERICAN RECREATION PRODUCTS, INC.'S COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Case No. C 06-06030 MHP
ANSWER TO COUNTERCLAIM

0028006/003/ 333657v01

Plaintiff Micromesh Technology Corporation ("MTC"), by and through its attorneys, hereby responds to the allegations of defendant American Recreation Products, Inc. ("Defendant") in its Counterclaim as follows:

## THE PARTIES

1. MTC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaim, and, therefore, denies the same.

2. MTC admits the allegations contained in paragraph 2 of the Counterclaim.

3. MTC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Counterclaim, and, therefore, denies the same.

## JURISDICTION AND VENUE

4. MTC admits that the Counterclaim purports to be filed under 28 U.S.C. §§ 1331, 1338(a) and 2201 and Federal Rule of Civil Procedure 13. MTC admits that subject matter jurisdiction is conferred pursuant to 28 U.S.C. § 1331 and 1338(a). MTC admits that venue is proper in this District. Except as so admitted, MTC denies the remaining allegations contained in paragraph 4 of the Counterclaim.

5. MTC admits that there is an actual and justiciable controversy between MTC and Defendant. Except as so admitted, MTC denies the remaining allegations contained in paragraph 5 of the Counterclaim.

**Count I: Declaratory Relief for Noninfringement and Invalidity of the '878 Patent**

6. Answering paragraph 6 of the Counterclaim, MTC repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

7. On August 10, 1999, U.S. Patent No. 5,935,878 ("the '878 patent"), a copy of which is attached to the Complaint as Exhibit A, was lawfully granted to Bruce Scott Glasser. MTC is the assignee and the true and lawful owner of all right, title and interest in and to the '878 patent. MTC was assigned the rights, title and interest in and to the '878 patent on or about September 26, 2006. Except as so admitted, MTC denies the remaining

1  allegations contained in paragraph 7 of the Counterclaim.

2      8.    MTC admits that it has alleged that Defendant's making, using, offering for sale, selling and/or importing into the United States of certain outdoor gear, including backpacks, directly infringes the '878 patent and that said outdoor gear contains materials that is covered by the claims of the '878 patent.  MTC admits that it has also alleged that Defendant, by making, using, offering for sale, selling, importing, marketing, supporting and advertising said outdoor gear, is directly infringing, actively inducing the infringement of the '878 patent, and contributing to the infringement of the '878 patent.  Except as so admitted, MTC denies the remaining allegations contained in paragraph 8 of the Counterclaim.

    9.    MTC denies the allegations contained in paragraph 9 of the Counterclaim.

    10.    MTC denies the allegations contained in paragraph 10 of the Counterclaim.

MTC denies any allegations not specifically answered above.

In response to paragraphs A through D in the prayer for relief, MTC denies that Defendant is entitled to any of the relief requested and herein denies each and every allegation in the prayer for relief.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Counterclaim, MTC alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole in part because they fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant has waived any right that they may otherwise have had to assert any of the alleged causes of action in the Counterclaim against MTC.

## THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part because Defendant has not suffered, and will not suffer, any detriment, injury or damage.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is estopped from maintaining the Counterclaim by virtue of its own conduct.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part because Defendant failed to mitigate its alleged damages, if any.

In accordance with the provisions of Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available, after reasonable inquiry, upon the filing of MTC's Answer to the Counterclaim. As such, MTC reserves the right to amend its Answer to raise additional affirmative defenses, if subsequent investigation warrants such action. By providing this Answer, MTC does not waive or relinquish any present or potential affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, MTC respectfully requests this Court to enter judgment as follows:

A. That Defenadnt take nothing by its Counterclaim, that judgment be entered in favor of MTC and that the Counterclaim be dismissed with prejudice;

B. That Defendants have directly infringed the '878 patent in violation of 35 U.S.C. §§ 271(a), (b) and (c), and have further contributorily infringed the '878 patent and/or induced the infringement of the '878 patent;

C. That Defendants' infringement of the '878 patent has been willful and deliberate;

D That, pursuant to 35 U.S.C. § 284, MTC is awarded damages adequate to compensate MTC for Defendants' infringement of the '878 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

E. That due to Defendants' willful and deliberate infringement of the '878 patent, MTC is awarded enhanced damages, in the form of treble damages, pursuant to 35

1  U.S.C. § 284;

2         F.    That this is an exceptional case under 35 U.S.C. § 285, and awarding
3  to MTC its reasonable attorneys' fees, expenses and costs incurred in this action, including
4  for all appeals;

5         G.    That, pursuant to 35 U.S.C. § 284, MTC be granted pre-judgment and
6  post-judgment interest on the damages and costs caused to it by reason of Defendants'
7  infringement of the '878 patent, including pre-judgment and post-judgment interest on any
8  enhanced damages, attorneys' fees, expenses and costs award;

9         H.    That Defendants, their agents, employees, representatives, successors
10 and assigns, and those acting in privity or in concert with such persons and/or entities, be
11 preliminarily and permanently enjoined from further infringement of the '878 patent; and

12        I.    For any and all other relief that this Court may deem just and proper.

13 Dated:  December 26, 2006

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By:

_____/s/_____
Jenna F. Leavitt
Attorneys for Plaintiff
MICROMESH TECHNOLOGY
CORPORATION

1

**DEMAND FOR JURY TRIAL**

2  Under Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6 of the
3  United States District Court for the Northern District of California, Plaintiff hereby
4  demands a trial by jury of all issues properly triable by jury.

5

6  Dated:  December 26, 2006          LINER YANKELEVITZ
                                      SUNSHINE & REGENSTREIF LLP
7                                     By:

8                                     _____/s/_____
9                                         Jenna F. Leavitt
                                          Attorneys for Plaintiff
10                                        MICROMESH TECHNOLOGY
11                                        CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28